IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

August 19, 2010

RE: FIDEL SANTIAGO V. DAVID DIGUGLIELMO, ETAL
CA No. 09-5665

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Caracappa, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: _____
LINDA V. JERRY, Deputy Clerk

cc: BROWN
    DUNLAVEY

Courtroom Deputy to Judge MCLAUGHLIN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIDEL SANTIAGO, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al., | : | NO. 09-5665 |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated at State Correctional Institution Graterford in Graterford, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I. PROCEDURAL HISTORY

In September 1974, following a jury trial presided over by the Honorable James T. McDermott, petitioner was convicted of first degree murder, criminal conspiracy, and rape. The charges stem from an incident on July 23, 1973, where petitioner and several accomplices raped a young woman and murdered her boyfriend by drowning him in a fountain in front of the Philadelphia Art Museum. On July 7, 1975, petitioner was sentenced to life in prison for murder, plus a consecutive five to ten years for criminal conspiracy.

Petitioner appealed the conviction, claiming the prosecutor's closing argument was improper and the trial court's jury instruction was flawed. The Pennsylvania Supreme Court

rejected his claims and affirmed the conviction on January 26, 1978.

Petitioner then sought collateral review under the Post Conviction Hearing Act (PCHA), 42 Pa. C.S.A. § 9541 *et seq.* Following evidentiary hearings the PCHA Court denied relief on January 21, 1981. Petitioner appealed this decision to the Pennsylvania Superior Court, which remanded the claims to the PCHA Court, which again denied relief on July 1, 1987. The Pennsylvania Superior Court affirmed the denial on April 5, 1988. In May of 1988 petitioner filed a request for *allocatur* review to the Pennsylvania Supreme Court, which was denied on March 24, 1989.

On February 4, 2003 petitioner filed a *pro se* motion for post-conviction DNA testing pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. § 9541 *et seq.*[1] Petitioner requested testing of the rape kit, semen, blood, and saliva samples, the victim's clothing, and all other DNA evidence. Evidentiary hearings were held in the PCRA Court on January 25, 2006 and March 13, 2006. Based on testimony from members of the Philadelphia Police Department's Evidence Custodian Unit, it was determined that the evidence requested for testing by petitioner was no longer available, and the court denied his motion. The Superior Court affirmed the conviction on July 9, 2008, and the Pennsylvania Supreme Court denied petitioner's request for further review on December 23, 2008.

On November 25, 2009, petitioner filed the instant petition seeking habeas corpus

---

[1] Petitioner cites August 29, 2003 as the date he filed the motion for post-conviction DNA testing. See Petitioner's Mem. of Law at 6. However, the opinions issued by both the Philadelphia Court of Common Pleas and the Superior Court of Pennsylvania reviewing this motion cite February 4, 2003 as the date petitioner filed the motion. See Petitioner's Ex. C at 2 (opinion of Superior Court of Pennsylvania stating procedural history as adopted from trial court). This Court will use the date relied on by the Pennsylvania courts, February 4, 2003, as the date which petitioner filed the motion.

2

relief, claiming:

(1) Petitioner's right to seek DNA testing under 42 Pa. C.S.A. §9543.1 was violated as a result of the destruction of physical evidence which denied him the opportunity to establish his innocence.

(2) The Commonwealth of Pennsylvania has repeatedly denied petitioner due process over the years by failing to disclose exculpatory evidence.

(3) Petitioner was denied equal protection and due process.

Respondents assert that the habeas petition is untimely; thus petitioner is not entitled to federal habeas review. We find that the instant petition is time-barred. As such, we must dismiss the petition in its entirety.

II. TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness. A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, *et seq.*, which was amended under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in April 24, 1996. Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

This statute also creates a tolling exception, which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merrit v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

Applying the AEDPA limitations period to the instant case, direct review of petitioner's judgement became final on April 26, 1978, 90 days after the Supreme Court of Pennsylvania affirmed his conviction of murder in the first degree, criminal conspiracy and rape. Because the relevant portions of 28 U.S.C. §2244 were amended in 1996, the Third Circuit Courts of Appeals has interpreted the amendments to provide a one year grace period for inmates wishing to file a claim for relief whose convictions were finalized before the date of enactment, April 24, 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Absent tolling of the limitations period, petitioner had until April 23, 1997 to file his request for federal habeas corpus relief, one year after his conviction became final and the limitations period began to run. Petitioner did not file this claim until November 25, 2009, thus barring the application as

untimely under 28 U.S.C. §2244 (d)(1)(A).

It is also clear that the alternate starting dates set forth in 28 U.S.C. §2244 (d)(1)(B) and (d)(1)(C) do not apply to any of petitioner's claims. Petitioner never directly indicates in his memorandum any illegal action by the government that impeded him from making a timely application for habeas corpus relief. Additionally, none of the claims mentioned in petitioner's brief can be considered newly recognized by the United States Supreme Court on or around the date of April 23, 1997, when petitioner's initial limitations period ran out.

Petitioner alludes to the possibility that his DNA testing claim can be tolled under 28 U.S.C. § 2244 (d)(1)(D). See Petitioner's Traverse at 1-2.[2] This subpart allows the limitations period to run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Although Petitioner does not specifically advocate for the application of this provision, petitioner does assert that the time bar should not apply to the petition. See Petitioner's Traverse at 3.

The court is inclined to believe that acting with the requisite due diligence, petitioner would have been aware that DNA testing was available in Pennsylvania before the initial limitations period ran out on April 23, 1997. See Com. v. Reese, 663 A.2d 206, 208-09 (Pa. Super. 1995) (affirming trial court's use of DNA testing); see also Com. v. Brison, 618 A.2d 420, 425 (Pa. Super. 1992) (remanding case to trial court for DNA testing). Additionally, petitioner states in his own memorandum that the famous O.J. Simpson trial "made everyone

---

[2] This court does not agree with petitioner's reasoning in this regard, and maintains that petitioner's application is barred by the procedural obstacle of timeliness. However, the court chooses to address the possibility of tolling so as to provide petitioner the most thorough analysis of his claims.

aware of the power of DNA evidence" in 1995. See Petitioner's Mem. of Law at 10.

However, even in the event petitioner was truly not aware of the availability of DNA testing during the 1990's, petitioner was certainly aware by July 10, 2002. See Petitioner's Traverse at 2 (explaining that right to post-conviction DNA testing became available to anyone serving a life sentence in Pennsylvania on July 10, 2002); See also 42 Pa. C.S.A. § 9543.1. Assuming the limitations period began to run on July 11, 2002, petitioner's clock ran for 207 days until he filed his motion for post-conviction DNA testing on February 4, 2003. The clock would then be tolled under 28 U.S.C. § 2244 (d)(1)(2), which allows the limitations period to stop for properly filed applications for collateral review. The DNA motion was pending until the Pennsylvania Supreme Court denied further review on December 23, 2008, at which point the clock would again begin to run. See Respondent's Mem. of Law at 2-3 (summarizing procedural history of petitioner's post conviction DNA testing motion). Petitioner then filed his application for federal habeas corpus review on November 25, 2009, some 336 days later. Thus, petitioner's application would exceed the 1 year limitation period by almost 6 months, and would still be untimely even if the court were to allow tolling under these circumstances.

Furthermore, 28 U.S.C. § 2244 (d)(1)(D) does not apply to petitioner's second and third claims. Petitioner pursued these claims in multiple post convictions proceedings that began in the early 1980's and continued until 1989. See Respondent's Ex. D (Petitioner's PCHA Appellate Br. at 1-3 (alleging Commonwealth failed to disclose exculpatory evidence and deprived him of due process) ). Thus, petitioner was aware of the factual predicate of claims 2 and 3 for over 10 years before filing his application for habeas corpus relief.

Petitioner cannot take advantage of the statutory tolling option provided under 28 U.S.C. §2244 (d)(2). The limitations period on petitioner's claim began to run on April 24, 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d. Cir. 1998). At that point, petitioner had no claims pending before Pennsylvania state courts for collateral review, and would not file another motion in Pennsylvania courts until 2003. See Petitioner's Mem. of Law at 5-8 (stating procedural history of petitioner's case). Therefore his application is not subject to statutory tolling and petitioner's limitations period expired on April 23, 1997.

Finally, petitioner's application is not subject to equitable tolling. Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at 618-619 (internal quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). Petitioner fails to allege that any of these circumstances prevented him from filing a timely habeas petition between April 24, 1996 and April 23, 1997. Therefore, we decline to exercise our equitable tolling powers, and reiterate that petitioner's request for habeas corpus relief is time-barred. Accordingly, the instant petition for habeas corpus relief should be dismissed in its entirety.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this 17th day of August, 2010, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED and DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

[Note: Harry P. McGrath made significant contributions to the research and preparation of this Report and Recommendation.]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIDEL SANTIAGO, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al., | : | NO. 09-5665 |
|     Respondents. | : | |

## ORDER

Mary A. McLaughlin, J.

**AND NOW** this _____ day of _____ 2010, upon careful and independent consideration of the petition for Writ of *Habeas Corpus*, and after review of the Report and Recommendation of the United States Magistrate Judge Linda K. Caracappa, **IT IS ORDERED** that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for Writ of *Habeas Corpus* is DENIED with prejudice.

3. There is no probable cause to issue a certificate of appelability.

4. The Clerk shall mark this closed for statistical purposes.

BY THE COURT:

_____
Mary A. McLaughlin, J.