IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIDEL SANTIAGO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | NO. 09-5665 |

ORDER

AND NOW, this 23rd day of September, 2010, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), and the respondents' response thereto (Docket No. 13), and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Docket No. 16) and the petitioner's Objections thereto (Docket No. 19), IT IS HEREBY ORDERED that:

1. The petitioner's Objections are OVERRULED.

2. The Report and Recommendation is APPROVED and ADOPTED, except as discussed below.

3. The Petition for Writ of Habeas Corpus is DENIED and DISMISSED as time-barred and procedurally defaulted.

4. There is no basis for the issuance of a certificate of appealability.

The report and recommendation ("report") concludes that the petitioner's claims must be dismissed because they are time-barred by the one year statute of limitations, set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

28 U.S.C. § 2244(d). The report concludes that the petitioner had until April 23, 1997, to file a habeas petition, which was one year after his conviction became final.[1] Because the petitioner filed his habeas petition on November 25, 2009, it is untimely. Further, the report concludes that none of the alternate starting dates set forth in § 2244 apply, nor are the claims subject to equitable tolling. Therefore, the report recommends dismissal. Although the Court agrees with the report's conclusion, it does not agree with all of its reasoning.

The Court agrees that two of the three claims set forth in the petition are time-barred.[2] In view of the amendments to § 2244 in 1996, the petitioner had until April 23, 1997, to file his habeas petition, but did not do so. Burns, 134 F.3d at 111. Moreover, the Court agrees that none of the alternate starting dates set forth in § 2244 are applicable. The petitioner has not alleged any impediment to filing a habeas petition by April 23, 1997, nor do any of his claims involve rights newly recognized by the United States Supreme Court. See § 2244(d)(1). Further, the petitioner pursued his claims in multiple post-conviction

---

[1] Although the petitioner's conviction became final on April 26, 1978, the petitioner had a once-year grace period after the amendments to 28 U.S.C. § 2244 in 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

[2] Specifically, the claims alleging the Commonwealth's failure to disclose exculpatory evidence, and denial of due process and equal protection rights, are time-barred.

2

proceedings in the 1980s, in which he alleged the same facts underlying his current due process and equal protection claims. See Respondent's Ex. D (Pet'r's PCHA Appellate Br. at 1-3). Therefore, the petitioner was aware of the factual predicate underlying his claims well before the limitations period expired. See § 2244(d)(1)(D).

The Court also agrees that the petitioner's two time-barred claims are not subject to equitable tolling. Equitable tolling is appropriate in three circumstances: (1) if the defendant actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The petitioner has not argued that any of these circumstances prevented him from filing his habeas petition by April 23, 1997. Instead, the petitioner's argument for equitable tolling relates to his DNA testing claim, which the Court addresses separately below.

The Court disagrees with the report's finding that the petitioner's DNA testing claim is time-barred. Section 2244(d)(1)(D) provides an alternate limitations period, which begins to run on:

> [T]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1)(D). A factual predicate sufficient to trigger § 2244(d)(1)(D) consists of the "vital facts" underlying a petitioner's claims. McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007). Vital facts are distinguishable from evidence that merely supports a claim; vital facts change the character of a claim or provide new grounds for a habeas petition. See id. at 215-16. A petitioner must exercise due diligence in discovering the vital facts that trigger § 2244(d)(1)(D). Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004). Due diligence requires reasonable diligence under the circumstances, not the maximum feasible diligence. Id.

The Court concludes that the destruction of the petitioner's DNA evidence was a factual predicate sufficient to trigger the alternate limitations period under § 2244(d)(1)(D). As the petitioner argues, he only discovered that the DNA evidence was destroyed after an evidentiary hearing pursuant to his motion for DNA testing. See Objections to the Report and Recommendation of Magistrate Judge Linda K. Caracappa at 12. This vital fact formed the basis for the petitioner's habeas claim. Further, the petitioner filed his motion for DNA testing in 2003, less than one year after Pennsylvania passed a statute expressly permitting DNA testing.[3] Therefore, the Court finds that the petitioner was reasonably diligent in pursuing his DNA

---

[3] See 42 Pa. C.S.A. § 9543.1.

4

claim. The petitioner brought his habeas petition 336 days after final review of his DNA motion, and therefore the claim is timely.

However, the Court finds that the DNA testing claim must be dismissed as it is procedurally defaulted. Before filing a habeas petition, a petitioner must exhaust his state remedies, which involves "fairly presenting" his claims to the state courts to alert them to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004). A claim for relief "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).

The petitioner did not fairly present his federal claim to the state courts. In his appeal to the Pennsylvania Superior Court following disposition of his DNA motion, the petitioner's sole argument was that his right to seek DNA testing under 42 Pa. C.S.A. § 9543.1 was violated by the destruction of evidence, which denied him the opportunity to establish his innocence. See Respondent's Ex. E (Pet'r's PCRA App. Brief. at 11). Nowhere in his brief does the petitioner cite to a specific constitutional guarantee or federal law. See Gray, 518 U.S. at 162-63. The petitioner relies almost exclusively on Pennsylvania case law, and his single citation to a United States Supreme Court case falls in the midst of a discussion of Pennsylvania law. See

5

Respondent's Ex. E (Pet'r's PCRA App. Brief. at 23). Therefore, the state courts were not put on notice of the federal nature of the claims.

Because the petitioner did not fairly present his claim to the state courts, he has failed to exhaust his state remedies. However, state procedural rules would now bar the petitioner from seeking further relief in state court, and therefore the petitioner's DNA testing claim is procedurally defaulted.[4] See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). When a claim is procedurally defaulted, a federal court may not consider its merits unless the petitioner establishes either "cause and prejudice" for the default, or that failure to consider the claims will result in a fundamental miscarriage of justice. Id.

The petitioner cannot establish "cause and prejudice" for his default in state court. To show cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman v. Thompson, 501 U.S. 722, 753 (1999). The petitioner has not addressed his failure to "fairly present" his federal claim or otherwise to comply with state procedural rules, and therefore has not established cause.

---

[4] Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9545(b)(1), provides a one year limitation period that runs from the date when a judgment becomes final. Because the petitioner's judgment became final in 1997, he is barred from seeking further relief in state court.

6

Finally, the petitioner cannot establish a fundamental miscarriage of justice. To show that there has been a fundamental miscarriage of justice, a petitioner must demonstrate his "actual innocence." Schlup v. Delo, 513 U.S. 298, 324 (1995). A claim of actual innocence requires the petitioner to provide new, reliable evidence that was not presented at trial. Id. The standard is demanding and permits review only in an extraordinary case. House v. Bell, 547 U.S. 518, 538 (2006). In his objection to the report, the petitioner continues to assert his innocence. However, the petitioner relies on exculpatory evidence that was already presented and rejected in his post-conviction challenges. Further, the Court finds that destruction of DNA evidence fails to establish that "no reasonable juror would have found the [petitioner] guilty," which is the requisite showing for actual innocence. See Schlup, 513 U.S. at 328.

For the foregoing reasons, the Court will adopt the Magistrate Judge's report and recommendation, with the exceptions noted above, and will overrule the petitioner's objections thereto. Mr. Santiago's petition for a writ of habeas corpus is therefore denied and dismissed.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.